IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROLAND ANDERSON, | § | |
| | § | |
| Plaintiff Below, | § | No. 67, 2024 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| GENERAL MOTORS, LLC, | § | C.A. No. N24C-01-002 |
| | § | |
| Defendant Below | § | |
| Appellee. | § | |

Submitted: June 17, 2024
Decided: June 20, 2024

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## ORDER

After consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1) The appellant, Roland Anderson, filed this appeal from a Superior Court order denying his motion for reargument of the court's dismissal of his complaint. Anderson moved to proceed *in forma pauperis* on appeal. After the Court denied the motion, the Senior Court Clerk sent Anderson a letter on May 22, 2024, directing him to pay the filing fee by June 5, 2024, or a notice to show cause would issue.

(2) Anderson then filed several documents in which he seemed to seek to "withdraw" or dismiss the appeal without prejudice and, while not entirely clear,

perhaps request additional relief from the Court. One of the documents, which Anderson filed on June 5, 2024, attached an order that was entered by the Superior Court on May 29, 2024. The Superior Court order addressed a "Motion to Stay" filed by Anderson on February 29, 2024. The order noted that Anderson had filed the motion after filing this appeal, which "[a]rguably . . . divested [the Superior] Court of jurisdiction over the motion." The order further stated: "Since then, the Supreme Court has affirmed the judgment of this Court and remanded the file here. In order to ensure the clarity of the docket in this Court, the Court rules the Motion to Stay at Item 13 on the docket is denied as moot."

(3) This Court has not yet ruled on the merits of the appeal or remanded the matter to the Superior Court, because Anderson has not yet satisfied the procedural requirements for perfecting the appeal, nor has briefing occurred. In light of the document that Anderson filed on June 5 and his failure to heed the direction to pay the filing fee by June 5, on June 7, 2024, the Clerk's office sent Anderson a letter acknowledging receipt of Anderson's various filings; informing Anderson that, contrary to the Superior Court's May 29 order, the appeal remained pending and the matter had not been remanded to Superior Court; and enclosing a notice directing Anderson to show cause why the appeal should not be dismissed for his failure to pay the filing fee by June 5 as previously directed.

2

(4)    In response to the notice to show cause, Anderson again points to the Superior Court's May 29 order stating that this Court affirmed the Superior Court and remanded the case.  He also states that some of his filings have not been addressed.  He does not address his failure to pay the filing fee.

(5)    Under the rules of this Court, a party filing an appeal must pay the applicable filing fees, unless the Court authorizes the commencement of the appeal without prepayment of fees on the grounds that the party is indigent.[1]  The Court denied Anderson's motion to proceed *in forma pauperis* and provided him several opportunities to pay the filing fee; Anderson was also informed that the appeal had not been decided and the matter had not been remanded to Superior Court.  In light of Anderson's failure to pay the filing fee, this appeal must be dismissed.[2]

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[1] DEL. SUPR. CT. R. 20(a), (h).
[2] *E.g.*, *Kostyshyn v. New Castle County*, 2023 WL 7383740, at *1 (Del. Nov. 7, 2023).